IN THE UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JENNIFER J. REINOEHL,<br><br>PLAINTIFF, *pro se*,<br><br>v.<br><br>JOHN H. MERRILL, *et al.*,<br><br>DEFENDANTS. | Case No. 1:22-cv-01974-JRS-TAB |

### DEFENDANT MISSOURI SECRETARY OF STATE JOHN R. ASHCROFT'S BRIEF IN SUPPORT OF MOTION TO DISMISS

Defendant John R. Ashcroft, by and through counsel, moves to dismiss the claims against him in the Complaint under Fed. R. Civ. P. 12(b)(1)-(2).

*First*, the Court lacks personal jurisdiction over Defendant Ashcroft. *See* Fed. R. Civ. P. 12(b)(2). Plaintiff "has the burden of establishing personal jurisdiction." *Rogers v. City of Hobart, Indiana*, 996 F.3d 812, 818 (7th Cir. 2021). It is a "constitutionally based rule that a court of the United States needs personal jurisdiction over *each* defendant." *Day v. Subsecretario del Sistema Penitenciario Fed.*, 838 F. App'x 192, 192-193 (7th Cir. 2021) (emphasis added); *see Walden v. Fiore*, 571 U.S. 277, 286 (2014) (same). This is true even in § 1983 cases such as this because that statute "does not provide for nationwide service of process." *Rogers*, 996 F.3d at 818 n.12. And "Indiana's long-arm statute extends personal jurisdiction to the limit allowed under the due process clause of the fourteenth amendment." *Wilson v. Humphreys (Cayman) Ltd.*, 916 F.2d 1239, 1243 (7th Cir. 1990). "Accordingly," the salient question is "whether assertion of jurisdiction in this case violates due process." *Id.* As applied to Defendant Ashcroft, it does.

Here, Plaintiff does not allege Defendant Ashcroft falls under Indiana's long-arm statute. *See* Ind. R. Trial P. 4.4. Quite the opposite: she alleges that Defendant Ashcroft "does business"

in Missouri, not Indiana. Doc. 1, at 11. But even assuming, *arguendo*, Defendant Ashcroft fell within Rule 4.4, Plaintiff still fails to allege that Defendant Ashcroft has any minimum contacts in Indiana. *See Morningside Church, Inc. v. Rutledge*, 9 F.4th 615, 619, 621 (8th Cir. 2021) (assuming out-of-state government officials "fell under Missouri's long-arm statute" but nevertheless affirming district court's determination "that it lacked personal jurisdiction … under the Due Process Clause").

"Personal jurisdiction may be 'general' or 'specific,'" and here Plaintiff appears to "focus[ ] solely on the latter." *Rogers*, 996 F.3d at 818.[1]

> [S]pecific personal jurisdiction requires that (1) the defendant has purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in the state; (2) the alleged injury arises out of or relates to the defendant's forum-related activities; and (3) any exercise of personal jurisdiction must comport with traditional notions of fair play and substantial justice.

*Id.* at 819.

Plaintiff does not specifically allege that Defendant Ashcroft meets any of these (much less all) requirements. Nor can she. There's no question that Defendant Ashcroft, as Secretary of State, officially resides and performs his principal duties in Missouri. *Accord Edwards v. Gerstein*, 237 S.W.3d 580, 583-84 (Mo. 2007); *State ex rel. Spradling v. Bondurant*, 501 S.W.2d 527, 529 (Mo. Ct. App. 1973); *State ex rel. Toberman v. Cook*, 281 S.W.2d 777, 780 (Mo. 1955). Plaintiff does not allege that Defendant Ashcroft "ever visited" Indiana, "had any suit-related business there, or otherwise purposefully availed [himself] of the state's benefits and protections."

---

[1] For good reason: Defendant Ashcroft's domicile is Missouri, not Indiana. *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014) ("For an individual, the paradigm forum for the exercise of general jurisdiction is the individual's domicile[.]") (citation omitted); *State ex rel. Norfolk S. Ry. Co. v. Dolan*, 512 S.W.3d 41, 46 n.3 (Mo. 2017) ("[S]tates may exercise general jurisdiction over natural persons who are domiciles of the state.").

*Morningside Church*, 9 F.4th at 620 (citation omitted). Indeed, Plaintiff fails to allege that Defendant Ashcroft undertook "any affirmative action in [Indiana], or any action purposefully designed to have an effect within [Indiana]." *Rogers*, 996 F.3d at 820.  And Defendant Ashcroft's enforcement or implementation of Missouri election laws would have taken "place in [Missouri], not [Indiana]." *Id.*

Notably, Plaintiff alleges that the Court has personal jurisdiction over all defendants—including Defendant Ashcroft—simply because "Defendants Connie Lawson and Holli Sullivan are both situated in the Southern District of Indiana" and both are "situated in and conducting business in" Indiana.  Doc. 1, at 14.  But that's not how personal jurisdiction works. The Court must assess its jurisdiction over "each defendant." *Walden*, 571 U.S. at 286. As applied to Defendant Ashcroft, the constitutional requirements of personal jurisdiction have not been met.

*Second*, even if this Court had personal jurisdiction over Defendant Ashcroft—and it does not—the Court nevertheless lacks subject-matter jurisdiction to adjudicate the claims against Defendant Ashcroft.  *See* Fed. R. Civ. P. 12(b)(1).  That's because Plaintiff lacks standing to sue Defendant Ashcroft. *See, e.g.*, *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 561 (1992) ("The party invoking federal jurisdiction bears the burden of establishing [that jurisdiction exists]."); *Doe v. Holcomb*, 883 F.3d 971, 976 (7th Cir. 2018) ("We take *each defendant* in turn to address whether [the plaintiff] can sue them in federal court.") (emphasis added); *Taylor v. McCament*, 875 F.3d 849, 853 (7th Cir. 2017) ("If the plaintiff lacks standing, the federal court lacks subject matter jurisdiction and the suit must be dismissed under Rule 12(b)(1).").

"To have the requisite constitutional standing to bring suit in federal court, a plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Taylor*, 875 F.3d

3

at 853 (quotation marks omitted).  Plaintiff must establish standing for each type of remedy sought, including declaratory and injunctive relief. *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs. (TOC), Inc.,* 528 U.S. 167, 185 (2000).  She cannot.

Plaintiff merely alleges, in conclusory fashion, that this Court "has subject matter jurisdiction over this action[.]"  Doc. 1, at 13; *but see Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (courts "are not bound to accept as true a legal conclusion couched as a factual allegation") (citation omitted).  Not so.

Even if the first requirement is assumed, the second and third requirements are "dispositive of the standing analysis." *Taylor*, 875 F.3d at 853.  That's because Defendant Ashcroft has "no power" to enforce or implement Indiana election law. *Doe*, 883 F.3d at 979; *accord Digital Recognition Network, Inc. v. Hutchinson*, 803 F.3d 952, 957-58 (8th Cir. 2015) (causation and redressability are "not met when a plaintiff seeks relief against a defendant with no power to enforce a challenged statute") (citation omitted). Indeed, courts have found that he is tasked only with enforcing or implementing Missouri election law in certain circumstances not present here. *See Missouri Prot. & Advoc. Servs., Inc. v. Carnahan*, 499 F.3d 803, 807 (8th Cir. 2007). Because Plaintiff has "failed to show" Defendant Ashcroft "has any authority" to enforce or implement Indiana election law against an Indiana resident like Plaintiff, Plaintiff "has failed to show that [her] injury is fairly traceable to" Defendant Ashcroft. *Doe*, 883 F.3d at 979.

What's more, the closest Plaintiff comes to even substantively mentioning Defendant Ashcroft's role in this case is where she alleges that Missouri has unspecified election laws that govern the requirements to get on the ballot as a third party or independent candidate.  *See* Doc. 1, at 18.  Plaintiff generally alleges that "unequal ballot access" has caused her injuries. *Id.* at 34-36.  However, even assuming, *arguendo*, that Defendant Ashcroft has the power to enforce or

4

implement Missouri election law in these circumstances, Plaintiff would be unable to show an injury in fact.

Nowhere in the Complaint does Plaintiff allege that she's qualified to be on the ballot in Missouri, much less that she was denied access to be on the ballot by Defendant Ashcroft. She does not allege with specificity what, if any, "numerous other differing bureaucratic requirements" or "serious burdens" she was subjected to in Missouri—particularly at the hands of Defendant Ashcroft. *Id.* at 18, 33-34. She does not state she was subject to any alleged "disparate treatment" by Defendant Ashcroft in Missouri. *Id.* at 33-34. She does not specifically allege that Defendant Ashcroft prohibited her from wearing particular attire or insignia at a polling place in Missouri. *See id.* Nor does she allege she is qualified to vote in Missouri, let alone that Missouri law (or Defendant Ashcroft) prevented her from voting in Missouri for any candidate.

Accordingly, Plaintiff lacks standing to bring claims against Defendant Ashcroft.

*Third*, even if Plaintiff had standing to sue Defendant Ashcroft—and she does not—Plaintiff's claims against Defendant Ashcroft are nonetheless barred by Eleventh Amendment and sovereign immunity. *See, e.g.*, *Whole Woman's Health v. Jackson*, 142 S. Ct. 522, 532 (2021); *Driftless Area Land Conservancy v. Valcq*, 16 F.4th 508, 520 (7th Cir. 2021) (sovereign immunity "is a jurisdictional defense"); *Digital Recognition Network*, 803 F.3d at 957 ("In a case like this one, the questions of Article III jurisdiction and Eleventh Amendment immunity are related.").

Plaintiff's "lawsuit challenges the unequal ballot access laws created by the states and enforced by all the Defendants[,]" Doc. 1, at 33, yet she fails to specify *any* election laws outside Missouri's that Defendant Ashcroft is responsible for enforcing. Although federal courts may "enjoin certain state officials from enforcing state laws," Plaintiff "do[es] not direct this Court to

5

any enforcement authority [Defendant Ashcroft] possesses in connection with [any election law] that" this Court "might enjoin him from exercising." *Whole Woman's Health*, 142 S. Ct. at 534. Let alone any Missouri or Indiana election law. Plaintiff's claims, therefore, are barred.

For the foregoing reasons, the Court should dismiss the claims against Defendant Ashcroft.

Respectfully submitted by:

**John R. Ashcroft**
**Secretary of State of Missouri**

/s/ *Jesus A. Osete*
Jesus A. Osete\*
General Counsel
Secretary of State's Office
600 W. Main St.
Jefferson City, MO 65101
Tel. (573) 751-4875
Jesus.Osete@sos.mo.gov

Counsel for Defendant John R. Ashcroft

\**Pro hac vice admission pending*

**Certificate of Service**

I hereby certify that on November 14, 2022, the foregoing brief was filed via CM/ECF, which will send notice to all counsel of record. I further certify that on November 14, 2022, the foregoing brief was served via U.S. Mail, postage pre-paid, to Plaintiff at the following address:

Jennifer Reinoehl
51860 Cheryl Dr.
Granger, IN 46530
Tel. (574) 302-6088
commercialsonly@juno.com

/s/ *Jesus A. Osete*
Counsel for Defendant John R. Ashcroft

6