IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA

JENNIFER REINOEHL,

    Plaintiff,

v.                                  Case No: 22-cv-1974-JRS-TAB

JOHN MERRILL, *et al.*,

    Defendants.

## DEFENDANT PAUL ZIRIAX'S OBJECTION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT AND BRIEF IN SUPPORT

Defendant, Paul Ziriax, respectfully objects to Plaintiff's Motion for Leave to File an Amend Complaint. [Doc. 53] In support thereof, Defendant Ziriax would state the following:

### STATEMENT OF THE CASE

Plaintiff Reinoehl is a citizen of the state of Indiana and has sued multiple states for the alleged unequal treatment for independent candidates and voters in their voting laws. After multiple states filed motions to dismiss, Plaintiff filed a Motion for Leave to File an Amended Complaint in this action as she may not amend her Complaint at this stage of litigation without the leave of Court or the written consent of each Defendant. Fed. R. Civ. P. 15(a)(2). Plaintiff has not asked for consent to amend from Defendant Ziriax. Furthermore, Defendant Ziriax respectfully objects to any proposed amendment and requests this Court deny Plaintiff's Motion as any amendment to the Complaint would be futile and would only result in further delay and costs to the various Defendants in this matter.

1

## PROPOSITION I: PLAINTIFF'S PROPOSED AMENDMENT IS FUTILE

Plaintiff has submitted a proposed Amended Complaint in an attempt to overcome the multiple issues present in her original Complaint and which are the subject of the multiple Defendant's various Motions to Dismiss. However, Plaintiff did not actually fix the issues brought up in the various Motions to Dismiss, and any amendment to the Complaint herein is undoubtedly futile as the issues in the Complaint are incurable.

A proposed "amendment to a compliant is considered 'futile,' warranting denial of leave to amend, if the proposed complaint would not survive a motion to dismiss." *Pharmaceutical Research and Manufacturers of America v. Thompson,* 259 F.Supp.2d 39, 58 (D.C. 2003); *McGee v. District of Columbia,* 646 F.Supp.2d 115, 119 (D.C. 2009)("An amended complaint is 'futile,' justifying denial of leave to amend, if it merely restates the same facts as the original complaint in different terms, reasserts a claim on which the court previously ruled, fails to state a legal theory or could not withstand a motion to dismiss."); *Simon v. First Liberty Insurance Corp.,* 225 F.Supp.3d 319, 327-38 (E.D. PA 2016)("Amendment of a complaint is 'futile' if the complaint, as amended, would fail to state a claim upon which relief could be granted."); *Tannerite Sports, LLC v. NBCUniverasal News Group,* 864, F.3d 236, 252 (2nd Cir. 2017)("Proposed amendments to a pleading are futile, and thus must be denied, if they fail to cure prior deficiencies or to state a claim."); *U.S. v All Assets Held at Bank Julius Baer & Co., Ltd.,* 772 F.Supp.2d 191, 197 (D.C. 2011) ("Amendment of a pleading is 'futile' where the proposed amendment does not modify the substance of the pleading or where the pleading as amended would not survive a motion to dismiss or for judgment on the pleadings"); *Allred v. Bebout,* 409 P.3d 260, 277 (Wyo. 2018) ("A proposed amendment to a complaint is 'futile,' as

would allow a district court to refuse to allow the amendment, if the complaint, as amended, would be subject to dismissal.").

While in general, leave to amend should "be freely granted when justice so requires",[1] the "decision to deny leave to file a[n] ... amended complaint is within the reasoned discretion of the district court." *Wade v. Wellpoint, Inc.*, 892 F.Supp.2d 1102, 1125-26 (S.D. IN 2012) (citing *Campania Mgmt. Co. v. Rooks, Pitts & Poust*, 290 F.3d 843, 850 (7th Cir.2002); *DeSalle v. Wright*, 969 F.2d 273, 277 (7th Cir.1992)). As such, "[d]enying leave to amend where repleading would be futile is not an abuse of the court's discretion." *Id.* Furthermore, while a *pro se* Plaintiff might not always be held to the same expectations as an attorney, dismissal of a *pro se* complaint is still proper where "it is obvious that the plaintiff cannot prevail on the facts he has alleged and it would be futile to give him an opportunity to amend." *Kay v. Bemis*, 500 F.3d 1214, 1217 (10th Cir. 2007).

In the case at bar, Plaintiff's proposed Amended Complaint would be subject to dismissal – just as her original Complaint is subject to dismissal. At a minimum, Plaintiff's proposed amended compliant cannot overcome three major barriers as to Defendant Ziriax: (1) this court lacks personal jurisdiction over Defendant Ziriax, (2) Plaintiff does not have the requisite standing to sue Defendant Ziriax in this matter, and (3) Plaintiff's proposed Amended Complaint does not state a claim upon which relief can be granted.[2] As these issues clearly

---

[1] Fed. R. Civ. P. 15(a)(2).
[2] Should the Court grant Plaintiff's Motion for Leave to File an Amended Complaint, Defendant Ziriax would necessarily file a Motion to Dismiss citing the arguments contained herein, as well as additional defenses warranting dismissal. In the spirit of judicial economy, Defendant Ziriax has listed the three most noteworthy issues with Plaintiff's proposed Amended Complaint which are undoubtedly incurable.

would make the proposed Amended Complaint subject to dismissal, Plaintiff's Motion to Amend should be denied by this Court.

### A. This Court Lacks Personal Jurisdiction over the Out of State Defendants

Plaintiff's proposed Amended Complaint is futile as this Court clearly lacks the requisite personal jurisdiction over the out-of-state Defendants – an argument made in nearly every Defendants' Motion to Dismiss the original Complaint.

Our judicial system's long-standing precedent makes it abundantly clear that this Court lacks the requisite personal jurisdiction over Defendant Ziriax. For that reason alone, Plaintiff's Motion to Amend should be denied. On a Rule 12(b)(2) motion to dismiss for lack of personal jurisdiction, the plaintiff "bears the burden of establishing jurisdiction, but need only present *prima facie* evidence." *Patterson v. Aker Sols. Inc.*, 826 F.3d 231, 233 (5th Cir. 2016). Here, Plaintiff absolutely cannot show the Southern District of Indiana has any jurisdiction over Ziriax – an Oklahoma citizen and public servant – in either his official or individual capacity.

It is a "constitutionally based rule that a court of the United States needs personal jurisdiction over each defendant." *Day v. Subsecretario del Sistema Penitenciario Fed.*, 838 F. App'x 192, 192-193 (7th Cir. 2021); *see Walden v. Fiore*, 571 U.S. 277, 286 (2014) (same). "Indiana's long-arm statute extends personal jurisdiction to the limit allowed under the due process clause of the fourteenth amendment." *Wilson v. Humphreys (Cayman) Ltd.*, 916 F.2d 1239, 1243 (7th Cir. 1990); *Rodriguez v. Cavitec AG*, No 1:09-CV-336-JVB, 2010 WL 2519715, at *4 (N.D. Ind. June 14, 2010). For a Federal Court in Indiana to exercise Personal Jurisdiction over Defendant Ziriax would be a clear violation of due process under the Fourteenth Amendment

of the United States Constitution. The only way Indiana could have jurisdiction over Defendant Ziriax is if the requirements of specific personal jurisdiction can be met.[3] "[S]pecific personal jurisdiction requires that (1) the defendant has purposefully directed his activities at the forum state or purposefully availed himself of the privilege of conducting business in the state; (2) the alleged injury arises out of or relates to the defendant's forum-related activities; and (3) any exercise of personal jurisdiction must comport with traditional notions of fair play and substantial justice." *See Rogers v. City of Hobart*, 996 F.3d 812, 819 (7th Cir. 2021); *Fireman's Fund Ins. Co. v. Thyssen Min. Const. of Canada, Ltd.*, 703 F.3d 488, 493 (10th Cir. 2012)). To satisfy this standard the defendant must have "purposefully availed [himself] of the privilege of conducting activities within the forum State" such that it could be considered foreseeable for the defendant to be sued in the forum. *Fireman's Fund Ins. Co. v. Thyssen Min. Const. of Canada, Ltd.*, 703 F.3d 488, 493 (10th Cir. 2012)(quoting *Asahi Metal Indus. Co., Ltd. v. Super. Ct. of Cal., Solano Cnty.*, 480 U.S. 102, 113 (1987)).

In the proposed Amended Complaint, Plaintiff has not, and importantly cannot, establish that Ziriax has done anything which would warrant a federal court sitting in Indiana to have personal jurisdiction over him. Furthermore, Defendant Ziriax unquestionably has in no way directed his activities towards Indiana or its citizens. Nor has Defendant Ziriax purposefully availed himself of any of the privileges of conducting business in Indiana.[4]

---

[3] As Oklahoma is Defendant Ziriax's domicile, Indiana cannot have general personal jurisdiction over him. *See Daimler AG v. Bauman*, 571 U.S. 117, 137 (2014)

[4] The proposed Amended Complaint also fails to establish that elements 2 or 3 of specific jurisdiction could be met as no injury could be related to Defendant Ziriax's forum - related activity – as there is no such activity – and suing a state official in another state for their official conduct clearly does not conform with our judiciary's notions of fair play and substantial

Without such minimum contacts with the State of Indiana, this Court does not have the requisite personal jurisdiction over Ziriax and Plaintiff's claims against him must be dismissed. Furthermore, this Court's lack of personal jurisdiction over Defendant Ziriax is not an issue which was cured by the proposed Amended Complaint or could ever be cured with further amendment by the Plaintiff. Thus, based on this proposition alone, Plaintiff's proposed Amended Complaint – and any other attempts to amend by the Plaintiff – is futile and this Court should deny Plaintiff's Motion to Amend.

### B. Plaintiff Lacks the Requisite Standing to Sue

In addition to this Court lacking personal jurisdiction over Defendant Ziriax, the proposed Amended Complaint clearly shows that Plaintiff also lacks the requisite standing to sue in this matter.

To establish standing, a plaintiff must establish a "triad of injury in fact, causation, and redressability." *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 103, 118 S. Ct. 1003 (1998). More specifically, "[t]o have the requisite constitutional standing to bring suit in federal court, a plaintiff must have (1) suffered an injury in fact, (2) that is fairly traceable to the challenged conduct of the defendant, and (3) that is likely to be redressed by a favorable judicial decision." *Taylor v. McCament*, 875 F.3d 849, 853 (7th Cir. 2017)(quoting *Spokeo , Inc. v. Robins*, 136 S.Ct. 1540, 1547 (2016)); *Ariz. State Legis. v. Ariz. Indep. Redistricting Comm'n*, 576 U.S. 787, 800, 135 S. Ct. 2652 (2015). Plaintiff clearly cannot meet this burden.

---

justice as there was no reasonable way for Defendant Ziriax to predict that he could be sued in the State of Indiana for his work as an Oklahoma official.

To properly allege an injury in fact, the Plaintiff must show that she has suffered an injury to a legally protected interest and that said injury is traceable to the alleged conduct of Defendant Ziriax. An injury in fact requires a plaintiff to show the "invasion of a legally protected interest"; that the injury is both "concrete and particularized"; and that the injury is "actual or imminent, not conjectural or hypothetical." *Spokeo, Inc. v. Robins*, 136 S. Ct. 1540, 1548 (2016). Here, Plaintiff admits that she is an Indiana citizen who votes in elections held in Indiana. Plaintiff currently has no right or legally protected interest to vote in Oklahoma. Without such a right to vote in Oklahoma, Plaintiff's voting rights are not infringed upon by the Oklahoma laws which she contests. Additionally, Plaintiff has not alleged that she has attempted to run for office as an independent candidate in Oklahoma. Thus, she has suffered no injury from Oklahoma laws which Plaintiff alleges make it harder for an independent candidate to obtain ballot access in Oklahoma. It is clear, that Plaintiff has no injury in fact in this matter. Furthermore, at best, Plaintiff's allegations are "generalized grievance[s] about the conduct of government" which courts have refused to consider. *Lance v. Coffman*, 549 U.S. 437, 442 (2007).

Furthermore, Plaintiff argues that her alleged injury – a lack of access to independent or third-party candidates in elections – would be addressed by this case; however, that assessment is undoubtedly erroneous. Oklahoma law has no influence over Indiana law or a third-party candidate's ability to be on the ballot in Indiana – where Plaintiff is both domiciled and a voter. Plaintiff's issue is not properly against Defendant Ziriax and the State of Oklahoma, and she does not have the requisite standing to challenge Oklahoma law.

Again, it is clear, by this prong alone, that any amendment to Plaintiff's Complaint would be futile as the proposed Amended Complaint has failed to correct Plaintiff's standing issue and any amendment to the Complaint could not correct Plaintiff's standing issue. Plaintiff does not have standing to sue Ziriax regarding Oklahoma voting rights and independent candidates access to the ballot in Oklahoma. This is an incurable defect in her lawsuit and her Motion to Amend should be denied on the basis of futility.

### C. The Proposed Amended Complaint Fails to State a Claim Upon Which Relief May be Granted.

Plaintiff's proposed Amended Complaint is further subject to dismissal – and therefore futile – as the proposed amendment again fails to state a claim upon which relief may be granted.

To survive a motion to dismiss [under Rule 12(b)(6)], a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly* at 556). Under this standard, "the mere metaphysical possibility that *some* plaintiff could prove *some* set of facts in support of the pleaded claims is insufficient; the complaint must give the court reason to believe that *this* plaintiff has a reasonable likelihood of mustering factual support for *these* claims." *Ridge at Red Hawk, L.L.C. v. Schneider*, 493 F.3d 1174, 1177 (10th Cir. 2007) (emphasis in the original). In other words, a plaintiff must nudge his "claims across the line from conceivable to plausible[.]" *Twombly* at 570.

Determining whether a complaint states a plausible claim for relief is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Iqbal* at 679. The Tenth Circuit in *Robbins v. Oklahoma*, 519 F.3d 1242, 1247-48 (10th Cir. 2008), explained that "plausibility" refers to the scope of the allegations in the complaint; "if they are so general that they encompass a wide swath of conduct, much of it innocent" or if the allegations are no more than "labels and conclusions" or a mere "formulaic recitation of the elements of a cause of action" then such allegations are not sufficient to place defendants on notice "of the actual grounds of the claim" against them. A complaint must contain enough "facts to state a claim to relief that is plausible on its face" and those factual allegations "must be enough to raise a right to relief above the speculative level." *Bell Atlantic*, at 1965, 1974 (citations omitted). "Once a claim has been stated adequately, it may be supported by showing any set of facts consistent with the allegations in the complaint." *Id.* at 1969. Allegations that are conclusory in nature are not automatically accepted as true by the court and are insufficient to state a claim upon which relief may be granted if they lack the necessary supporting factual allegations. *Erikson v. Pawnee County Bd. of County Comm'rs*, 263 F.3d 1151, 1154-55 (10th Cir. 2001); *Hall v. Bellmon*, 935 F.2d 1106, 1109-10 (10th Cir. 1991). When these standards are applied to Plaintiff's Complaint, it is clear the Complaint must be dismissed.

Here, Plaintiff has alleged violations of constitutional rights pursuant to the First and Fourteenth Amendments to the United States Constitution. Such claims are brought pursuant to 42 U.S.C. § 1983. Section 1983 provides that a person acting under color of state law who "subjects, or causes to be subjected, any citizen of the United States … to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the

party injured." 42 U.S.C. §1983. The statute "is not itself a source of substantive rights, but a method of vindicating federal rights elsewhere conferred." *Baker v. McCollan*, 443 U.S. 137, 144 n. 3, 99 S. Ct 2689 (1979); *See also Brown v. Buhman*, 822 F.3d 1151, 1161 n. 9 (9th Cir. 2016). Section 1983 does not allow a plaintiff to create a federal case out of "every violation of state common law." *Pierce v. Gilchrist*, 359 F. 3d 1279, 1285 (10th Cir. 2004). Therefore, "[t]he first inquiry in any 1983 suit … is whether the plaintiff has been deprived of a right 'secured by the Constitution and the laws." *Baker*, 443 U.S. at 140, 99 S.C.t 2689 (quoting 42 U.S.C. § 1983). Here, Plaintiff has not alleged any personal deprivation of any constitutional right by Defendant Ziriax. Plaintiff makes only vague references to Oklahoma voting laws; however, Plaintiff cites to no law that would provide her any sort of relief, nor has Plaintiff shown any of her personal constitutional rights were violated.

Even if Plaintiff could show violation of a constitutional right (which she has not), Plaintiff has not alleged that Defendant Ziriax personally participated in any violations of her constitutional rights. "Personal participation is an essential allegation of a Section 1983 claim against a public official." *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996), *See also Bennet v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Mee v. Ortega*, 967 F.2d 423, 430-31 (10th Cir. 1992). A public official cannot be individually liable unless an affirmative link can be shown between the official's conduct and the alleged constitutional violation. *Grimsley v. MacKay*, 93 F.3d 676, 679 (10th Cir. 1996). A plaintiff must show that a defendant personally participated in the alleged civil rights violation. *Mitchell*, 80 F.3d at 1441. As Plaintiff in no way can show Ziriax personally violated her constitutional rights (especially considering she has no

right to vote in Oklahoma and has not even shown that she has standing to sue Defendant Ziriax), Plaintiff has failed to state a claim pursuant to Section 1983.

Furthermore, Plaintiff's complete lack of allegations against Defendant Ziriax further prove that she has failed to state any viable claim against him. In her proposed Amended Complaint, Plaintiff mentions Defendant Ziriax one time - in the list of defendants in this case. (Doc. 53-1, ¶ 22). Plaintiff then references an Oklahoma Statue regarding ballot access and a single allegation against the State of Oklahoma.[5] (Doc. 53-1, ¶¶ 60, 86). However, this is insufficient to state a claim upon which relief can be granted against Defendant Ziriax. Plaintiff has failed to show that she suffered any deprivation of her personal constitutional rights by Defendant Ziriax or that Defendant Ziriax personally participated in any violation of her constitutional rights. *Baker*, 443 U.S. at 140, 99 S.C.t 2689 (quoting 42 U.S.C. § 1983); *Mitchell v. Maynard*, 80 F.3d 1433, 1441 (10th Cir. 1996), *See also Bennet v. Passic*, 545 F.2d 1260, 1262-63 (10th Cir. 1976); *Mee v. Ortega*, 967 F.2d 423, 430-31 (10th Cir. 1992). Without specific allegations directed at Defendant Ziriax and his alleged conduct, Plaintiff has clearly failed to either put Defendant Ziriax on notice of his alleged misconduct giving rise to this suit or to state a viable claim against Defendant Ziriax.

Plaintiff's failure to state a claim upon which relief can be granted in her proposed Amended Complaint would certainly subject the proposed amendment to dismissal. As such, it is clear that amendment of the Complaint in this matter would be futile and this Court should deny Plaintiff's Motion to Amend.

---

[5] The State of Oklahoma itself is not a named Defendant in the case at bar.

## CONCLUSION

For the reasons set forth above, Defendant Ziriax respectfully requests this Court to find that Plaintiff's Motion to Amend Complaint is futile and deny the same. Furthermore, Defendant Ziriax would request this Court dismiss this case against him in its entirety for the reasons stated herein and for the reasons previously stated in his Motion to Dismiss. (Doc. 20).

Respectfully submitted,

/s/Tracy E. Neel
**TRACY E. NEEL, OBA# 33574**
Assistant Attorney General
Oklahoma Attorney General's Office
Litigation Division
313 NE 21st Street
Oklahoma City, Oklahoma 73105
Telephone: (405) 521-3921
Facsimile: (405) 521-4518
Email: tracy.neel@oag.ok.gov
*Attorney for Defendant Paul Ziriax*

## **CERTIFICATE OF SERVICE**

I hereby certify that on this 19th day of December 2022, I electronically transmitted the foregoing document to the Clerk of Court using the ECF System for filing and that a true and correct copy of the foregoing document was sent via the ECF System to all counsel of record who are ECF participants.

I further certify that a true and correct copy of the foregoing document was sent via U.S. Mail, postage prepaid to:

Jennifer Reinoehl
51860 Cheryl Dr.
Granger, IN 46530
Email: commercialsonly@juno.com
*Pro se Plaintiff*

/s/Tracy E. Neel
Tracy E. Neel