IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JENNIFER J. REINOEHL,<br><br>    Plaintiff,<br><br>v.<br><br>JOHN H. MERRILL, ET AL.<br><br>    Defendants. | Cause no.<br>1:22-CV-1974-JRS-TAB |

## GEORGIA SECRETARY OF STATE BRAD RAFFENSPERGER'S RESPONSE IN OPPOSITION TO PLAINTIFF'S MOTION TO AMEND COMPLAINT

Jennifer Reinoehl has moved to amend her complaint, pursuant to Federal Rule of Civil Procedure 15(a)(1)(B), to include "Damages and Declaratory Relief[.]" (Doc. 53 at 1). This Court should deny Reinoehl's motion because her proposed Amended Complaint would still suffer major jurisdictional defects and continue to fail to state a claim upon which relief can be granted, and thus, be futile.

1

## BACKGROUND

Jennifer Reinoehl, an Indiana Citizen, filed a complaint against current and former Secretaries of State and election directors from 19 different states, including the Secretary of State for the State of Georgia. (*See generally* Doc. 1). In her complaint, Reinoehl, in essence, asks this Court to create a uniform system of ballot access across the entire United States by requiring all states to subject all candidates—third party, Republican, and Democrat—to the same ballot access laws. (*See id* at ¶¶ 151–55).

Reinoehl's proposed amended complaint is nearly identical to her original amended complaint. (*See and compare* Doc. 1 *with* Doc. 53-1). The only significant change Reinoehl's proposed amended complaint makes is the addition of a new count alleging a violation of the First Amendment. (Doc. 53-1 ¶¶ 148-57).

The Georgia Secretary of State, along with numerous other state defendants, moved to dismiss Reinoehl's complaint because this Court lacks personal jurisdiction over the Georgia Secretary of State, lacks subject matter jurisdiction, and Reinhoel has otherwise failed to state a

claim upon which relief can be granted.  (Doc. 32 & 33; *see also* Docs. 11, 12, 19-22, 25, 26, 55-58, 62, and 63).

## ARGUMENT

This Court should deny Reinhoel's motion to amend her complaint because any such amendment would be futile.  Reinhoel's proposed amended complaint does nothing to change the infirmities that exist in her original complaint: lack of personal jurisdiction over the Georgia Secretary, Reinhoel's lack of standing, and Reinhoel's failure to state a claim upon which relief can be granted.

Under the Federal Rules of Civil Procedure, a district court should freely give a plaintiff leave to amend a complaint when justice requires it. Fed. R. Civ. P. 15(a)(2). Nevertheless, a district court should deny a motion for leave to amend if the proposed amendment is futile, as when, for example, the amended pleading would not survive a motion to dismiss. *See, e.g.*, *Arlin-Golf, LLC v. Village of Arlington Heights*, 631 F.3d 818, 823 (7th Cir. 2011); *London v. RBS Citizens, N.A.*, 600 F.3d 742, 747 n.5 (7th Cir. 2010).

Here, Reinhoel's proposed amended complaint is futile and would not survive a motion dismiss for the same reasons the currently operative

complaint should be dismissed. (Doc. 33 at 4-16). Specifically, Reinhoel's proposed amended complaint does not cure the deficiencies pertaining to this Court's lack of personal jurisdiction over the Georgia Secretary, (*id.* at 4-9), Reinhoel's lack of standing to challenge Georgia's ballot access laws, (*id.* at 9-15), or Reinhoel's failure to state a claim upon which relief can be granted, (*id.* at 15-16). This Court should, therefore, deny Reinhoel's motion to amend her complaint because any such amendment would be futile.

    Respectfully submitted, this 19th day of December, 2022

CHRISTOPHER M. CARR   112505
Attorney General

BRYAN K. WEBB   743580
Deputy Attorney General

RUSSELL D. WILLARD   760280
Senior Assistant Attorney General

*/s/ Lee M. Stoy, Jr.*
LEE M. STOY, JR.
Assistant Attorney General   884654
Office of the Georgia Attorney General
40 Capitol Square SW
Atlanta, Georgia, 30334
lstoy@law.ga.gov
Telephone: 404-458-3661
Fax: 404-657-9932

*Attorneys for Secretary Brad Raffensperger*

5

## CERTIFICATE OF SERVICE

I hereby certify that the forgoing document was served on *pro se* plaintiff in this action via first-class mail on December 19, 2022 addressed as follows:

Jennifer Reinoehl
51860 Cheryl Dr.
Granger, IN 46530

I hereby certify that on December 19, 2022, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send notification of such filing to all counsel of record.

*/s/ Lee M. Stoy, Jr.*
LEE M. STOY, JR.
