UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JENNIFER REINOEHL, | ) |
| Plaintiff, | ) |
| v. | ) Cause No.: 22-cv-1974-JRS-TAB |
| JOHN MERRILL, et al., | ) |
| Defendant(s). | ) |

**DEFENDANT NEVADA SECRETARY OF STATE BARBARA CEGAVSKE'S OPPOSITION TO PLAINTIFF JENNIFER REINOEHL'S FIRST MOTION FOR LEAVE TO FILE AMENDED COMPLAINT UNDER RULE 15(a)(1)(B) AS A MATTER OF COURSE**

Defendant Nevada Secretary of State Barbara Cegavske ("Cegavske"), through counsel, opposes Jennifer Reinoehl's first motion for leave to file amended complaint under Rule 15(a)(1)(B) as a matter of course.

This opposition is based on the following points and authorities and the pleadings and papers on file herein.

**MEMORANDUM OF POINTS AND AUTHORITIES**

**I.   INTRODUCTION**

Plaintiff Jennifer Reinoehl's ("Reinoehl") first motion to file amended complaint should be denied as it would be futile. An amended complaint will not resolve the Court's lack of personal or subject-matter jurisdiction, or Reinoehl's lack of standing. Nor will amendment overcome Cegavske's Eleventh Amendment and qualified immunity. Notwithstanding any of these justifications, Reinoehl has not and cannot allege facts stating claims upon which relief can be granted. Accordingly, in the interest of judicial economy her request for leave to amend should be denied.

## II. BACKGROUND

Reinoehl is a resident of the State of Indiana who has regularly exercised her right to vote for candidates for public office. ECF No. 1 at 2 and 8. In this action, she sued Secretaries of State across the country including Nevada Secretary of State, Barbara Cegavske (*Id.* at 5 ¶ 18), as well as other state election related officials. *Id.* at 2-7. She contends that laws in and outside Indiana imposing requirements on third-party and independent candidates as a condition of appearing on preprinted election ballots in the individual states violates her First and Fourteenth Amendment rights under the U.S. Constitution.

Reinoehl filed a motion for leave to file an amended complaint formally adding a cause of action for violation of the First Amendment and further elaborating on her allegations.

## I. LEGAL STANDARDS

Whether to deny leave to amend a complaint is within the discretion of the district court and where amendment would be futile there is no abuse of discretion. *Wade v. WellPoint, Inc.*, 892 F. Supp. 2d 1102, 1125–26 (S.D. Ind. 2012) (internal citations omitted). A request to amend should be denied when it would fail to remedy the defects in the operative complaint. *Smith v. Chrysler Corp.*, 938 F. Supp. 1406, 1412 (S.D. Ind. 1996) (internal citations omitted); *see also Runnion ex rel. Runnion v. Girl Scouts of Greater Chicago & Nw. Indiana*, 786 F.3d 510, 520 (7th Cir. 2015) (where it is clear that the defect cannot be corrected, it does no harm to deny leave to amend and enter a final judgment). "[W]hen the basis for denial is futility, [courts] apply the legal sufficiency standard of Rule 12(b)(6) to determine whether the proposed amended complaint fails to state a claim. *Nowlin v. Pritzker*, 34 F.4th 629, 635 (7th Cir. 2022).

/ / /

/ / /

/ / /

/ / /

## II. ARGUMENT

### A. Reinoehl's proposed amended complaint would be futile and contrary to the Court's inherent power to control its docket

Reinoehl's proposed amended complaint adds a cause of action for violation of the First Amendment and further expands upon the allegations supporting her existing claims. ECF No. 53-1 at 30. The proposed amended complaint does not cure the deficiencies in the operative complaint as discussed in Cegavske's motion to dismiss (ECF Nos. 71 and 72) i.e., lack of personal and subject-matter jurisdiction and standing; Eleventh Amendment and qualified immunity; and failure to state a claim for violations of the First and Fourteenth Amendment.

In this instance, the Court should not exercise its discretion to grant leave to amend because doing so would subvert the inherent power of the courts to manage their dockets. *Neeley v. Portfolio Recovery Assocs., LLC*, No. 115CV01283RLYMJD, 2015 WL 13640383, at *1 (S.D. Ind. Nov. 6, 2015). Inherent in every court is the power to "control the disposition of the causes on its docket with economy of time and effort for itself, for counsel, and for litigants." *Id.* Judicial economy cautions against granting Reinoehl's request considering the impact on the Court's limited resources as well as the number of defendants who would have to submit new responses to a new pleading that still fails to resolve the jurisdictional and other defects present in the original complaint.

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

/ / /

### III. CONCLUSION

For the preceding reasons and those discussed in Cegavske's motion to dismiss, Reinoehl's first motion for leave to file amended complaint should be denied.

December 20, 2022                    Respectfully submitted,

/s/ Sabrena K. Clinton
Sabrena K. Clinton*, Nev. Bar No. 6499
Deputy Attorney General
555 E. Washington Ave., Ste. 3900
Las Vegas, NV 89101
702-486-3420 (phone)
702-486-3773 (fax)
sclinton@ag.nv.gov

*Admitted pro hac vice

5

## CERTIFICATE OF SERVICE

I certify that I am an employee of the State of Nevada, Office of the Attorney General, and that on December 20, 2022, I electronically filed the document via this Court's electronic filing system. Parties who are registered with this Court's electronic filing system will be served electronically. For those parties not registered, service was made by depositing a copy for mailing in the United States Mail, first-class postage prepaid, at Las Vegas, Nevada, addressed to the following:

Jennifer Reinoehl
51860 Cheryl Dr.
Granger, IN 46530

        /s/ Lucas Combs
        An employee of the
        Office of the Attorney General