UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JENNIFER REINOEHL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:22-cv-01974-JRS-TAB |
| | ) | |
| JOHN MERRILL, *et al.*, | ) | |
| | ) | |
| Defendants. | ) | |

**Order on Motions to Dismiss**

### I.   Introduction

This is a ballot access case. *Pro se* Plaintiff Jennifer Reinoehl, an Indiana citizen and resident, challenges the election laws of 19 states, including Indiana, alleging that they unconstitutionally burden minor political parties seeking to place candidates on ballots. Seventeen of the 27 defendants, each of whom is a political officer in his or her state, have so far appeared in the case. Every out-of-state defendant that has appeared (except those from Oregon) has brought a motion to dismiss on the grounds of either Rule 12(b)(1) jurisdiction or Rule 12(b)(6) failure to state a claim. Fed. R. Civ. P. 12(b)(1), 12(b)(6).

Now before the Court are those motions. (ECF No. 11, 19, 21, 25, 27, 32, 55, 57, 62, 65, 66, 69, 71).

### II.   Discussion

Reinoehl alleges that she is "an independent who votes across parties in every election and bases her vote solely on the candidates' platform and past voting or civic history," (Compl. ¶ 65, ECF No. 1); that she voted for a Libertarian party candidate

in the 2020 Indiana gubernatorial election, (*id.* ¶ 99); and that in the future she might vote for a Green Party or Solidarity Party candidate, (*id.* ¶ 100). She claims that the major parties collude to keep minor party candidates off the ballot, (*id.* ¶ 41), that as a result her preferred parties and candidates do not appear, (*id.* 40), and that she becomes "discouraged with voting in general when the parties [she] wish[es] to vote for are removed from the ballots," (*id.* ¶ 121).

Reinoehl has a potentially viable claim here, but it needs cutting down to size. "[B]ecause 'voters can assert their preferences only through candidates or parties,' their right to vote 'is heavily burdened if that vote may be cast only for major-party candidates at a time when other parties or other candidates are clamoring for a place on the ballot.'" *Libertarian Party of Illinois v. Scholz*, 872 F.3d 518, 523 (7th Cir. 2017) (quoting *Anderson v. Celebrezze*, 460 U.S. 780, 787 (1983)). In effect, "[l]aws restricting a party's ballot access . . . burden two rights: 'the right of individuals to associate for the advancement of political beliefs, and the right of qualified voters, regardless of their political persuasion, to cast their votes effectively.'" *Id.* (quoting *Williams v. Rhodes*, 393 U.S. 23, 30 (1968)). And an individual like Reinoehl can sue to vindicate those rights. *Id.*; *Gill v. Whitford*, 138 S. Ct. 1916, 1929 (2018).

However, Reinoehl cannot sue to vindicate the rights of other people in other states. "[A] person's right to vote is 'individual and personal in nature,'" *Gill*, 138 S. Ct. at 1929 (quoting *Reynolds v. Sims*, 377 U.S. 533, 561 (1964)), so Reinoehl may only challenge the laws affecting her vote, *id.* at 1930 (citing *United States v. Hays*, 515 U.S. 737, 744–745 (1995) and *Alabama Legislative Black Caucus v. Alabama*, 575

U.S. 254, 262 (2015)) (explaining that challenges to racially gerrymandered districts must proceed district by district). Here, the relevant laws are Indiana's. Reinoehl is an Indiana citizen and resident, and she votes in Indiana elections. (Compl. ¶¶ 1, 38, ECF No. 1.) Thus her challenge to ballot access laws must be limited to Indiana; she has no standing to bring claims against the laws of other states. *Gill*, 138 S. Ct. at 1930. Reinoehl argues that other states' laws do affect her, albeit indirectly, because they affect the composition of the elected federal government, which has power over her. (Pl.'s Resp. M. Dismiss 7, ECF No. 51.) While that may be true enough as an abstract proposition, the Supreme Court holds that such an indirect effect is insufficient to support standing. *Gill*, 138 S. Ct. at 1931 (citing *Lance v. Coffman*, 549 U.S. 437, 442 (2007) and *Ex parte Levitt*, 302 U.S. 633, 634 (1937) (*per curiam*)) ("A citizen's interest in the overall composition of the legislature is embodied in his right to vote for his representative.").

Reinoehl's claims against other states present a "generalized grievance," *id.* (quoting *Hays*, 515 U.S. at 745), which is redressable through the political process, not the courts, *Hein v. Freedom From Religion Found., Inc.*, 551 U.S. 587, 636 (2007) (Scalia, J., concurring in the judgment) (quoting *Marbury v. Madison*, 1 Cranch 137, 170, 2 L.Ed. 60 (1803)) ("the function of the judicial power 'is, solely, to decide on the rights of individuals,' . . . generalized grievances affecting the public at large have their remedy in the political process."); *see also Schlesinger v. Reservists Comm. to Stop the War*, 418 U.S. 208, 227 (1974) ("Our system of government leaves many

crucial decisions to the political processes.").  This Court has no jurisdiction over those claims.  *Lujan v. Defs. of Wildlife*, 504 U.S. 555, 573–74 (1992).

### III.  Conclusion

The out-of-state motions to dismiss, (ECF No. 11, 19, 21, 25, 27, 32, 55, 57, 62, 65, 66, 69, 71), are **granted.**

Because the Court lacks jurisdiction over Reinoehl's claims challenging other states' laws, the relevant claims must be **dismissed without prejudice**, and the relevant defendants **terminated from the docket.**

The clerk is directed to remove from the case JOHN MERRILL, KATIE M. HOBBS, ALEJANDRO PADILLA, SHIRLEY N. WEBER, LAUREL M. LEE, CORD BYRD, BRAD J. RAFFENSPERGER, BERNADETTE MATTHEWS, JOHN WOBENSMITH, WILLIAM GALVIN, JOCELYN F. BENSON, JOHN R. ASHCROFT, COREY STAPLETON, CHRISTI JACOBSEN, BARBARA CEGAVSKE, ANDREW J. SPANO, ANTHONY J. CASALE, KAREN B. BELL, PAUL ZIRIAX, BEVERLY A. CLARNO, SHEMIA P. FAGAN, KATHY BOOCKVAR, LEIGH M. CHAPMAN, RUTH R. HUGHS, and JOHN B. SCOTT.

The only remaining defendants are CONNIE LAWSON and HOLLI SULLIVAN, and the only remaining claims are those that pertain to Indiana's ballot access laws.

**SO ORDERED.**

Date: 01/09/2023

_____
JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana

4

Distribution:

By CM/ECF to registered counsel of record, and:

JENNIFER REINOEHL
51860 CHERYL DR.
GRANGER, IN 46530

Mary Carla Babb
NC Department of Justice
mcbabb@ncdoj.gov

Sabrena Clinton
Office of the Attorney General
sclinton@ag.nv.gov

Jefferson S. Garn
INDIANA ATTORNEY GENERAL
Jefferson.Garn@atg.in.gov

Elliot Hallak
Harris Beach PLLC
ehallak@harrisbeach.com

Joseph Ho
Michigan Department of Attorney General
hoj@michigan.gov

Stephen Kovatis
PA Office of the Attorney General
skovatis@attorneygeneral.gov

Daniel R. LeCours
Harris Beach PLLC
dlecours@harrisbeach.com

Brian Simmonds Marshall
Oregon Department of Justice
brian.s.marshall@doj.state.or.us

Charles Arthur McKay
Office of The Attorney General - Alabama

Charles.McKay@AlabamaAG.gov

Tracy Neel
Oklahoma Department of Human Services
tracy.neel@oag.ok.gov

Jesus Armando Osete
Secretary of State of Missouri
jesus.osete@sos.mo.gov

Pierce Nicholas Vail Smith
Office of the Attorney General
pierce.smith@oag.texas.gov

Lee M. Stoy, Jr
Office of the Georgia Attorney General
lstoy@law.ga.gov