UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JENNIFER REINOEHL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. 1:22-cv-1974-JRS-TAB |
| | ) |
| DIEGO MORALES, in his official capacity as Indiana Secretary of State, and CONNIE LAWSON, in her individual capacity | ) ) ) ) |
| | ) |
| Defendants. | ) |

**MEMORANDUM IN SUPPORT OF STATE DEFENDANTS'
MOTION FOR JUDGMENT ON THE PLEADINGS**

Plaintiff filed her complaint against Defendants Diego Morales, in his official capacity as Indiana Secretary of State and Connie Lawson, in her individual capacity. Plaintiff alleges that current ballot access laws inhibit her ability to select her preferred candidates. She further references the difficulties that she finds coming from writing in candidates on a ballot. The Court should enter judgment in favor of Defendants on Plaintiff's Complaint because the Plaintiff states no claim under the 14th Amendment upon which relief can be granted, that even were her claims meritorious, Former Secretary of State Connie Lawson can provide no relief in her individual capacity, and that Secretary of State Diego Morales is immune from liability under this suit by virtue of his elected position.

Judgment on the pleadings is appropriate because Plaintiff does not have standing to challenge Indiana's ballot access laws; Plaintiff does not state a claim

upon which relief may be granted because Indiana's ballot access laws do not unfairly or unequally preclude third party or independent candidates from appearing on election ballots; and the Complaint filed by Plaintiff does not meet the requirements of Federal Rule of Civil Procedure 8(a).

## BACKGROUND

Plaintiff is an Indiana resident and registered voter. She brings this action *pro se* under the 1st, 14th, and 17th Amendments to the United States Constitution, in addition to the Civil Rights Act, 28 U.S.C. §1983. Specifically, she brings this action against Secretaries of State and other high-ranking election officials in 19 states, including: Alabama, Arizona, California, Florida, Georgia, Illinois, Indiana, Maryland, Massachusetts, Michigan, Missouri, Montana, Nevada, New York, North Carolina, Oklahoma, Oregon, Pennsylvania, and Texas, a majority of whom have been dismissed from the instant case due to a lack of personal jurisdiction.

Throughout her complaint, Plaintiff misstates Indiana law by insinuating that Republicans and Democrats are directly proscribed the benefit of easier ballot access. Indiana law provides that a "Major political party" is a party [which] obtained the highest or second-highest number of votes cast for Indiana Secretary of State at the last election held for the Secretary of State's Office." Ind. Code § 3-5-2-30.

The two major parties are required by law to hold a primary election, in addition to any party "whose nominee received at least two percent (2%) but less than ten percent (10%) of the votes cast for secretary of state at the last election for

that office. Ind. Code §3-8-4-10(a). This election is carried out to determine each party's representative in the general election for each position. To be a primary nominee, a candidate must belong to either major party, proven either through voting history in the last two primary elections, or verifying membership in one of the two major parties through certification from the party's county chairman.

Additionally, there are processes laid out for political parties not classified as major political parties. For example, those political parties that receive at least two percent (2%) but less than ten percent (10%) of the votes case for secretary of state at the last election shall nominate a candidate for office at a state convention for United State Senator, Representative, and Indiana Governor. *See* Indiana Code § 3-8-4-10.

Plaintiff challenges one specific requirement; the number of signatures required for candidates to appear on the ballot. Indiana Code § 3-8-2-8(a) requires that a declaration of candidacy for United States Senator or Governor must be accompanied by a petition signed by at least four thousand five hundred (4,500) voters of the state, including at least five hundred (500) voters from each congressional district. This is also the requirement for candidates running for President and Vice President. Such laws apply to candidates from parties qualified to nominate candidates in a primary or by election.

Plaintiff is challenging the laws applicable to minor party and independent candidates, under Indiana Code § 3-8-6, et seq. Candidates running from minor parties or as independents must submit a petition "signed by the number of voters

3

equal to two percent (2%) of the total vote cast at the last election for Secretary of State in the election district that the candidate seeks to represent" Ind. Code § 3-8-6-3(a).

In her complaint, Plaintiff alleges that she is a registered voter in Indiana, and often votes for an array of political candidates including third party candidates at elections for all levels of government. (Complaint at ¶36-37). Her challenge to the ballot access laws alleges that some of her preferred candidates do not appear on the ballot because such candidates must compile more signatures to appear on the ballot than those from the major political parties. (*Id.* at ¶51). Plaintiff further alleges that if she desires to vote for a candidate who has not received enough signatures to appear on the ballot, she must write in the name of the candidate. (*Id.* at 44). She further claims that, to remember how to spell the names of her preferred candidates, she prefers to possess in her polling place flyers or buttons bearing that candidate's name, despite recognizing that election laws prohibit certain campaign materials from polling places. (*Id.* at ¶79-81). In Plaintiff's perspective, being prohibited from wearing or possessing campaign paraphernalia at the voting booth to remember how to spell the candidate's name(s) is a violation of her equal protection rights due to written names of candidates sometimes being excluded. (*Id.* at ¶91).

These claims made by Plaintiff are not supported by any legal argument. Moreover, Plaintiff added as Defendants Secretaries of State and high-ranking election officials from 18 states outside of her home state to the suit, none of which

were proper defendants, and have been dismissed for various reasons, mainly for lack of personal jurisdiction. The remaining Defendants are Indiana Secretary of State Diego Morales, in his official capacity, and former Indiana Secretary of State Connie Lawson, in her personal capacity, who are seeking judgment on the pleadings for the foregoing reasons.

## STANDARD OF REVIEW

Under the 12(c) standard, claims against defendants fail when "it is clear from the face of the pleadings that [Defendants are] entitled to prevail as a matter of law." *ESPN, Inc. v. Univ. of Notre Dame Police Dep't*, 62 N.E.3d 1192, 1195 (Ind. 2016). "[A]ny party may move for judgment on the pleadings" "after the pleadings are closed but within such time as not to delay the trial". *Murray v. City of Lawrenceburg*, 925 N.E.2d 728, 731 (Ind. 2010). And "when a pleaded claim provides no circumstances in which relief can be granted, there is no need to put either the parties or the court through costly and time-consuming litigation." *Bayer Corporation v. Leach*, 147 N.E.3d 314, 315 (Ind. 2020). Review "is confined to the pleadings, accepting well-pleaded material facts in the complaint as true." *Brownsburg Cmty. Sch. Corp. v. Natare Corp.* 824 N.E.2d 336, 337 n.1 (Ind. 2005).

Rule 12(c) motions are reviewed under the same standard as a motion to dismiss under Rule 12(b). *See Frey v. Bank One*, 91 F.3d 45, 46 (7th Cir.1996). Under Federal Rule of Civil Procedure 12(b)(6), a case should be dismissed if the complaint fails "to state a claim upon which relief can be granted." A motion to dismiss brought pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the

5

sufficiency of the complaint for failure to state a claim upon which relief may be granted. *See Windy City Metal Fabricators & Supply, Inc. v. CIT Tech. Fin. Servs., Inc.*, 536 F.3d 663, 667 (7th Cir. 2008). When addressing a motion to dismiss under Rule 12(b)(6), "a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

To state a claim for relief, a complaint must contain "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Only "a complaint that states a plausible claim for relief survives a motion to dismiss." *Iqbal*, 556 U.S. at 679. The pleading standard demands more than a bare, the-defendant-unlawfully-harmed-me accusation. See *Twombly*, 550 U.S. 544, 556-557 (2007). The Seventh Circuit has recognized that "it is not enough for a complaint to avoid foreclosing possible basis for relief; it must suggest that the plaintiff has a right to relief… by providing allegations that 'raise a right to relief above a speculative level.'" *E.E.O.C. v. Concentra Health Servs., Inc.* 496 F.3d 773, 777 (7th Cir. 2007) (citing Bell Atlantic, 550 U.S. at 561-62). In responding to a motion to dismiss, a "plaintiff must respond meaningfully to the motion to dismiss, clearly establishing a legal basis for her claim, in order to stave off dismissal." *Thompson v. Huntington*, 69 F. Supp.2d 1071, 1074 (S.D. Ind. 1999); *see Kirksey v. R.J. Reynolds Tobacco Co.*, 168 F.3d 1039, 1041 (7th Cir. 1999). Courts "are not obliged to accept as true legal conclusions or unsupported conclusions of fact." *Hickey v. O'Bannon*, 287 F.3d 656, 659 (7th Cir. 2002)

Motions to dismiss brought on the basis that a state or state agency is protected from suit by the Eleventh Amendment may be brought under Rule 12(b)(6). *See, e.g., Joseph v. Bd. of Regents of Univ. Wisc. Sys.*, 432 F.3d 746, 748 (7th Cir. 2005) (affirming dismissal for failing to state a claim upon which relief can be granted because university's Board of Trustees constituted an arm of the state entitled to Eleventh Amendment immunity from suit in federal court).

## ARGUMENT

The Court should grant Defendants' motion because the Plaintiff's complaint does not comply with the Rule 8 pleading standards set forth by the Federal Rules of Civil Procedure, does not have standing, and does not state a claim upon which relief can be granted.

### 1. Plaintiff's complaint does not comply with the Rule 8 pleading standard under the Federal Rules of Civil Procedure

Plaintiff is proceeding *pro se.* It is well settled that *pro se* litigants are subject to all the same rules applicable to attorneys in the court system. One such rule is compliance with the requisite pleading standards set forth by the Federal Rules of Civil Procedure.

Rule 8 of the Federal Rules of Civil Procedure creates the standard for pleading which must be followed in the federal courts. Rule 8(a) provides, in relevant part, that:

> a pleading that states a claim for relief must contain:
> (1) a short and plain statement of the court's jurisdiction, unless the court already has jurisdiction and the claim needs no new jurisdictional support;
> (2) a short and plain statement of the claim showing that the pleader is entitled to relief; and

7

>(3) a demand for the relief sought, which may include relief in the alternative or different types of relief.
>
>FRCP 8(a).

Rule 8(a)(2) also requires that the short and plain statement "give the defendant fair notice of what the…claim is and the grounds upon which it rests." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007). "The pleading standard Rule 8 announces does not require detailed factual allegations, but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), quoting *Twombly*, 550 U.S. at 555. Plaintiff makes a jurisdictional claim based on federal question jurisdiction under several constitutional provisions and the Civil Rights Act, 28 U.S.C. §1983, but makes no further mention of it. Plaintiff's pleading is over 30 pages and her statement of the claim arguing that she is entitled to relief is neither short nor plain, as it spans nearly 30 pages. She makes general accusations against the nearly 40 named defendants and does not clearly or plainly state any sort of legal argument in her complaint. Furthermore, there is no clear delineation in the complaint between the background of plaintiff's allegations and the argument made.

There is no clear statement of the grounds upon which the Plaintiff's claim rests. The background information and argument flowing into each-other makes it difficult to determine where the plaintiff's background allegations end and her argument begins. Because of the length of her complaint and the lack of a statement of the grounds upon which her claim rests, Plaintiff has not complied with the

standards set forth in Rule 8(a) and therefore, the Defendants are entitled to judgment on the pleadings.

### 2. Plaintiff does not have standing to challenge ballot access laws because she was not concretely harmed by the ballot access laws she challenges

One of the threshold requirements for bringing a case to the federal courts is standing to bring the suit. To proceed further, the party bringing the suit must be the proper party to do so. To be a party with standing, the following requirements must be met: "first, the plaintiff must have suffered an injury in fact- an invasion of a legally protected interest which is (a) concrete and particularized; and (b) actual or imminent, not conjectural or hypothetical." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992). "Second, there must be a causal connection between the injury and the conduct complained of - the injury has to be 'fairly trace[able] to the challenged action of the defendant, and not th[e] result [of] the independent action of some third party not before the court'". *Id*. Third, it must be "likely" as opposed to merely "speculative" that the injury will be "redressed by a favorable decision." *Id*. at 561.

Plaintiff's allegations are that she, as a registered voter who sometimes votes for independent or minor party candidates in elections, had her right to vote for such candidates violated by the laws governing ballot access for those independent and minor party candidates. During the time of the complaint, Plaintiff herself was not an independent or third-party candidate seeking ballot access who was injured by the laws she challenges and, therefore, Plaintiff is not an appropriate party to

9

bring suit on this matter. Plaintiff, by her own account, is merely a registered voter who votes for minor party or independent candidates when she feels as though they best represent her interests. Plaintiff does not claim minor party or independent candidates she wishes to vote for are always kept off the ballot for any specific reason other than those candidates failed to reach the ballot by the proscribed legal method to do so. Further, Plaintiff goes so far as to address that she recognizes that, when a candidate she prefers is not found on the ballot, there is a mechanism in place, writing in a candidate, to allow her to vote for the candidate she wishes to elect.

      Plaintiff has not suffered any concrete injury as she has not alleged her own personal prohibition from ballot access. Had Plaintiff been a third-party or independent candidate who was kept off the ballot because of the differing requirements to appear on the ballot, then the analysis of her claim would look entirely different because she would have a much clearer argument as to how she directly suffered a harm from the ballot access laws. Because the plaintiff is a registered voter who contends she periodically votes for minor party and independent candidates in elections and not a candidate who was kept off the ballot, the injury she claims to suffer related to ballot access laws is hypothetical. Plaintiff lacks standing to bring this claim.

### 3. Plaintiff's Complaint does not state a claim upon which relief can be granted because Plaintiff does not make a legal argument in her complaint

Plaintiff's principal allegation is that the current ballot access laws violate her equal protection rights by creating a disparate impact on her ability to select their desired candidates. Specifically, Plaintiff alleges that because the names of independent or minor party candidates do not appear on the ballot due to the laws governing ballot access, Plaintiff may subsequently struggle to vote for her intended candidate. Her claim acknowledges that she may have to write in the candidate's name on the ballot, but that this may be difficult if she is unable to spell the candidates name correctly. As stated before, the complaint does not state a claim upon which relief may be granted, and therefore, her complaint must be dismissed as a result. Plaintiff's many allegations make it difficult for the Court to accept as true the legal conclusions made by plaintiff, because Plaintiff fails to make clear legal conclusions in her complaint.

Attempting to view the Plaintiff's claims as true legal conclusions, these claims still do not equate to an Equal Protection violation. Registered voters are not recognized as a suspect or quasi-suspect classification, and as such, the laws which Plaintiff alleges create a disparate impact must be analyzed using rational basis. Generally, legislation that is challenged as denying equal protection is presumed to be valid and will be sustained if classification drawn by the legislation is rationally related to a legitimate state interest." *City of Cleburne, Tex. V. Cleburne Living Center*, 473 U.S. 432 (1985). Here, the ballot access laws provide safeguards to

ballot access by requiring independent candidates and candidates from minor parties to seek more signatures on their petitions than those who are subject to the the scrutiny and processes of those running as candidates for major parties. The rational basis here is the protection for voters and the public by preventing candidates from appearing on the ballot without first undergoing any sort of procedural safeguards. Were Plaintiff's complaint to be construed as an Equal Protection claim, it should fail.

**4. Diego Morales has immunity under the 11th Amendment and Connie Lawson is an improper defendant because there is no relief which she may provide in her individual capacity**

In addition to the previous arguments made by the Defendants, Judgment on the Pleadings is proper because Diego Morales is immune from liability under the 11th Amendment by virtue of his position as Indiana Secretary of State. Upon his election, Secretary of State Morales was substituted for Holli Sullivan, who no longer held the elected office. Further, as former Indiana Secretary of State, there is no relief which Connie Lawson may grant in her individual capacity. Plaintiff seeks an injunction and declaratory judgment, not damages. Therefore, Lawson is an improper defendant and the Defendants' Motion for Judgment on the Pleadings should be granted.

**Indiana Secretary of State Diego Morales has immunity under the 11th amendment by virtue of his position as Indiana Secretary of State**

The Court should grant Defendants' Motion for Judgment on the Pleadings against Indiana Secretary of State Diego Morales because he is not a "person" as

defined by the §1983 statute and, thus, Plaintiff cannot request damages under §1983. 42 U.S.C. § 1983 provides:

> Every person who, under the color of any statute, ordinance, regulation, custom, or usage of any State or Territory or the District of Columbia, subjects or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress.

(Emphasis added). Section 1983 is what gives individuals a private right of action for constitutional violations against persons acting under the color of state law. *Baker v. McCollan*, 443 U.S. 137, 144 n.3 (1979).

Critically, only a "person" may be liable for a deprivation of someone's rights under the United States Constitution. §1983 does not contemplate liability against a state. A state is not a "person" subject to suit under §1983 because the "Eleventh Amendment bars such suits unless the state has waived its immunity." *Will v. Michigan Dep't of State Police,* 491 U.S. 58, 71 (1989) (also stating "the doctrine of sovereign immunity is one of the well-established common-law immunities and defenses that Congress did not intend to override in enacting §1983"). While Diego Morales is an individual, an action against a state official in their official capacity is "not a suit against the official, but rather is a suit against the official's office… as such, it is no different from a suit against the State itself." *Id*. The only exception to this immunity is that an individual may seek prospective relief against an official for ongoing violations of federal law. See *Idaho v. Coeur d'Alene Tribe of Idaho*, 521 U.S. 261, 294 (1997).

Because Mr. Morales's actions in his official capacity as Indiana Secretary of State are equivalent to actions against the state, Plaintiff may not raise any retrospective claims against him, including any claims for damages. Therefore, Defendants should be awarded judgment on the pleadings.

### Connie Lawson is an improper defendant because she has qualified immunity for actions in her individual capacity.

The Court should grant the Defendants' Motion for Judgment on the Pleadings against Connie Lawson in her individual capacity as she is an improper defendant and has qualified immunity for her actions. Under the principles of qualified immunity, government officials "are not subject to damages liability for the performance of their discretionary functions when their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." *Brown v. Montoya*, 662 F.3d 1152, 1164 (10th Cir. 2011) (quoting *Buckley v. Fitzsimmons*, 509 U.S. 259, 268 (1993)). In resolving a motion based on qualified immunity, "a court must consider whether the facts a plaintiff has alleged make out a violation of a constitutional right, and whether the right at issue was clearly established at the time of the Defendant's alleged conduct." *Id*. (quoting *Leverington v. City of Colorado Springs*, 643 F.3d 719, 732 (10th Cir. 2011)). In order for the law to be clearly established, "there must be a Supreme Court decision on point, or the clearly established weight of authority from other courts must have found the law to be as the plaintiff maintains." *Id*. (internal quotation omitted). Personal liability under §1983 must be based on "personal

14

involvement in the alleged constitutional violation." *Id*. at 1163 (internal quotation omitted).

Plaintiff has failed to plead that Connie Lawson has committed a constitutional violation. First, Plaintiff has failed to plead any facts demonstrating that Lawson had a "personal involvement in the alleged constitutional violation," as necessary for personal liability. All allegations are made against the Indiana Secretary of State, and all facts pleaded relate to the administration of elections in the state. As stated above, the State is immune from liability under §1983 for such claims. Plaintiff has not otherwise indicated that Ms. Lawson had any personal involvement with the challenged ballot access laws. Accordingly, Plaintiff has not met her burden of demonstrating personal liability for Ms. Lawson.

## CONCLUSION

For the foregoing reasons, the Defendants respectfully ask this court to grant their motion for judgment on the pleadings and enter judgment in favor of the Defendants; dismiss Plaintiff's case with prejudice; and enter such other relief as deemed just and proper on the premises.

                                        Respectfully submitted,

                                        THEODORE E. ROKITA
                                        Attorney General of Indiana
                                        Attorney No. 18857-49

Date: <u>August 4, 2023</u>        By:    <u>/s/ J. Derek Atwood</u>
                                        J. Derek Atwood
                                        Attorney No. 33947-49
                                        Deputy Attorney General
                                        OFFICE OF INDIANA ATTORNEY GENERAL

                                      TODD ROKITA
                                      Indiana Government Center South, 5th Floor
                                      302 West Washington Street
                                      Indianapolis, Indiana 46204-2770
                                      Phone: (317) 522-9812
                                      Fax: (317) 232-7979
                                      Email: Derek.Atwood@atg.in.gov

## CERTIFICATE OF SERVICE

      I certify that on August 4, 2023, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent to all interested parties registered for electronic service with the Southern District of Indiana CM/ECF system.

                                      /s/ J. Derek Atwood
                                      J. Derek Atwood
                                      Attorney No. 33947-49
                                      Deputy Attorney General