UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| JENNIFER REINOEHL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 1:22-cv-1974-JRS-TAB |
| | ) | |
| DIEGO MORALES, in his official ca-<br>pacity as Indiana Secretary of State,<br>and CONNIE LAWSON, in her individ-<br>ual capacity | ) | |
| | ) | |
| | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |

**REPLY IN SUPPORT OF DEFENDANTS'**
**MOTION FOR JUDGMENT ON THE PLEADINGS**

The Court should dismiss Reinoehl's complaint because she has fallen short of her burden to establish standing to challenge Indiana's ballot access laws, state a claim upon which relief may be granted, or meet the requirements of Federal Rule of Civil Procedure 8(a).  Further, even were her claims meritorious, former Secretary of State Connie Lawson can provide no relief in her individual capacity and should be dismissed.

**I.    Reinoehl's claim in response misstates the law she challenges.**

Plaintiff, through her Complaint and Memorandum of Law in Opposition to Defendants Diego Morales' and Connie Lawson's Motions To Dismiss[1], refers often to how she interprets Indiana election laws' treatment of Democrats and Republicans in regard to ballot access. As stated in Defendants' Memorandum in Support of State

---

[1] ECF 99 is titled as such but construed as a response to Defendants' Motion for Judgment on the Pleadings for the purposes of this Reply.

Defendants' Motion for Judgment on the Pleadings, Indiana law provides that a "Major political party" is a party [which] obtained the highest or second-highest number of votes cast for Indiana Secretary of State at the last election held for the Secretary of State's Office." Ind. Code § 3-5-2-30. Plaintiff's contention that Indiana laws have "given Republicans and Democrats a free pass with few steps to follow each year beyond filing their candidates' names" is unsupported by law. ECF 99 at 5. She further states "Republicans and Democrats have never had to prove their candidates have a modicum of support" (ECF 99 at 4) when the ballot access laws she is challenging provide that to qualify as a "major political party," the party must have obtained the highest or second-highest number of votes case for Indiana Secretary of State at the last election held for the Secretary of State's Office.

While Plaintiff's complaint and response fail to clearly state a claim, sometimes referencing the lengths she goes to in remembering the spelling of candidates' names and the efforts she takes in advocating for third party candidates on social media, the Courts take seriously challenges to ballot access laws. While no longer analyzed with strict scrutiny (*see Hall v. Simcox*, 766 F.2d 1171, 1173 (7th Cir. 1985) (noting "uncertainty about the standard" for reviewing ballot access challenges)), the Court now reviews under the *Anderson-Burdick* test, which is instead a true balancing. This test directs the Court:

> first [to] consider the character and magnitude of the asserted injury to the rights protected by the First and Fourteenth Amendments that the plaintiff seeks to vindicate. It then must identify and evaluate the precise interests put forward by the State as justifications for the burden imposed by its rule. In passing judgment, the Court must not only determine the legitimacy and strength of each of those interests, it also

> must consider the extent to which those interests make it necessary to
> burden the plaintiff's rights. Only after weighing all these factors is the
> reviewing court in a position to decide whether the challenged provision
> is unconstitutional.

*Gill v. Scholz*, 962 F.3d 360, 364 (7th Cir. 2020) (quoting *Anderson*, 460 U.S. at 789 (1983)).

The laws Plaintiff purports to challenge fall under Indiana Code chapter 3-8-6, et seq. which require candidates from minor parties to submit at petition "signed by the number of voters equal to two percent (2%) of the total vote cast at the last election for Secretary of State in the election district that the candidate seeks to represent" Ind. Code § 3-8-6-3(a). The Supreme Court of the United States issued an opinion in *Norman v. Reed* challenging the ballot access laws of Cook County, Illinois that required approximately slightly more than 2% of suburban voters. *Norman v. Reed*, 502 U.S. 279, 295, 112 S. Ct. 698, 708, 116 L. Ed. 2d 711 (1992). The Court found this requirement a considerably more lenient restriction than the 5% requirement found in *Jenness v. Fortson*, 403 U.S. 431, 91 S.Ct. 1970, 29 L.Ed.2d 554 (1971). While the Plaintiff's complaint should be dismissed for failing to state a claim, it should also be noted that were the Court to interpret the complaint to be a ballot access challenge to Indiana laws under Indiana Code chapter 3-8-6, *et seq.*, nearly identical challenges of requirements such as these have been made and failed.

## II. Former Secretary of State Connie Lawson can provide no relief in her individual capacity and should be dismissed.

As stated in State Defendants' Memorandum in Support of Motion for Judgment on the Pleadings, Plaintiff has failed to plead that Connie Lawson has committed a constitutional violation. Having brought suit against former Secretary of State

Lawson, Plaintiff has alleged no facts demonstrating Lawson had any personal involvement in an alleged constitutional violation. Having failed to demonstrate any personal liability for Ms. Lawson and failing to address Ms. Lawson in response to the Motion for Judgment on the Pleadings, State Defendants would again argue that Ms. Lawson should be dismissed in her personal capacity.

### Conclusion

The Court should dismiss Reinoehl's complaint.

Respectfully submitted,

THEODORE E. ROKITA
Attorney General of Indiana
Attorney No. 18857-49

Date: <u>August 28, 2023</u>       By:    /s/ J. Derek Atwood
J. Derek Atwood
Attorney No. 33947-49
Deputy Attorney General
OFFICE OF INDIANA ATTORNEY GENERAL
TODD ROKITA
Indiana Government Center South, 5th Floor
302 West Washington Street
Indianapolis, Indiana 46204-2770
Phone: (317) 522-9812
Fax: (317) 232-7979
Email: Derek.Atwood@atg.in.gov

### CERTIFICATE OF SERVICE

I certify that on August 28, 2023, a true and correct copy of the foregoing document was filed electronically. Notice of this filing will be sent to all interested parties registered for electronic service with the Southern District of Indiana CM/ECF system.

/s/ J. Derek Atwood
J. Derek Atwood
Attorney No. 33947-49
Deputy Attorney General

4