UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JENNIFER REINOEHL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  No. 1:22-cv-1974-JRS-TAB |
| | ) |
| DIEGO MORALES, in his official capacity | ) |
| as Indiana Secretary of State, and CONNIE | ) |
| LAWSON, in her individual capacity, | ) |
| | ) |
| Defendants. | ) |

**Order on Defendants' Motion for Judgment on the Pleadings (ECF No. 97)**

This is a ballot access case. In 2022, Plaintiff Jennifer Reinoehl, pro se, sued several current and former state Secretaries of State, alleging that certain state election laws violate the Constitution. (*See generally* Compl., ECF No. 1.) The only remaining Defendants are Diego Morales, the current Indiana Secretary of State, and Connie Lawson, who was the Indiana Secretary of State from 2012 to 2021. Morales is being sued in his official capacity as Indiana Secretary of State, and Lawson is being sued in her individual capacity. Defendants have moved for judgment on the pleadings under Rule 12(c) of the Federal Rules of Civil Procedure. For the following reasons, Defendants' Motion for Judgment on the Pleadings, (ECF No. 97), is **granted**.

## I.   Background

In Indiana, a political party's ability to appear on the ballot is based on that party's performance in the most recent Secretary of State election.  Major political parties—the two parties whose candidates received the highest and second highest number of votes—and parties whose candidates received more than 10% of the votes hold a primary election to place a candidate on the ballot.  Ind. Code §§ 3-10-1-2, 3-5-2-30. Parties whose candidates received between 2 and 10% of the vote must nominate a candidate by party convention.  Ind. Code § 3-10-2-15.  Independent candidates or candidates from a party receiving less than 2% of the vote must file a petition signed by the number of registered voters equaling at least 2% of the total votes in the last Secretary of State election.  Ind. Code §§ 3-8-6-1, 3-8-6-3.  Recently, that number has been roughly 40,000.  Indiana also permits voters to write in the candidate of their choice.  *See* Ind. Code § 3-8-2-2.5.

Plaintiff is an Indiana voter who routinely votes for political candidates from various political parties, including the Democratic, Republican, Libertarian, Green, and Constitution Parties.  (Compl. ¶¶ 35–36, ECF No. 1.)  Because she does not always vote for presidential candidates from the two major political parties—Republican and Democratic—she must write in her preferred candidate if they are not on the ballot.  (*Id.* ¶¶ 38–39.)  Independent voters are disadvantaged, she contends, because their candidates face higher signature requirements to get on the ballot in Indiana and write-in access is not a sufficient substitute because "not only does the [voter] have to remember the candidate's name, but he or she must

remember how to spell that name correctly" or write an acceptable variation in legible penmanship. (*Id.* ¶¶ 51, 79–80.)  Republican and Democratic voters, on the other hand, "always get to see their candidates listed on every state ballot and never have to worry that their write-in vote will not be counted for any reason." (*Id.* ¶ 43.) Plaintiff argues that Indiana has "unequal ballot access laws" that "unconstitutionally" prevent third party candidates from appearing on the ballot. (*Id.* ¶ 40.)

Plaintiff brings a Fourteenth Amendment equal protection claim.  She argues that there is "disparate treatment" of independent (i.e., not Republican or Democratic) voters because Defendants "refus[e] to force Republicans and Democrats to follow the same ballot access rules" as third-party candidates. (Compl. ¶ 133, ECF No. 1.)  She argues that this infringes her right to vote and her First Amendment association rights because it limits her choices. (*Id.* ¶¶ 136–37.)  The Court finds that Indiana's ballot access laws do not violate the Fourteenth Amendment.

## II. Legal Standard

A motion for judgment on the pleadings is "governed by the same standards" as a Rule 12(b)(6) motion to dismiss for failure to state a claim. *Adams v. City of Indianapolis*, 742 F.3d 720, 727 (7th Cir. 2014).  A pro se complaint should be "liberally construed" and should be "held to less stringent standards than form pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  At the same time, however, every plaintiff must "state a claim to relief that is plausible" on the face of the complaint. *Bell Atl.*

3

*Corp. v. Twombly,* 550 U.S. 544, 570 (2007). "Threadbare recitals of the elements of a cause of action" or "conclusory statement[s]" are not enough. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 555).

### III. Discussion

Defendants argue that Plaintiff's statements do not amount to a claim upon which this Court may grant relief. (Def.'s Mem. 11, ECF No. 98.) Specifically, Defendants argue that "Plaintiff fails to make clear legal conclusions in her complaint." (*Id.*) Plaintiff airs various grievances in her complaint. She expresses discontentment with her local government, (Compl. ¶¶ 67–68, ECF No. 1), Congress, (*id.* ¶ 69), and the two-party system, (*id.* ¶¶ 71–78). At the heart of her legal claim, though, is Indiana's signature requirement for independent and minority party candidates. (*See generally id.* ¶¶ 85–129.) She argues that the signature requirements prevent independent candidates from getting on the ballot, thus disparately impacting independent voters such as herself. (*Id.* ¶¶ 131–37.)

Plaintiff's complaint boils down to the argument that Indiana's ballot access laws, specifically the signature requirements, are unconstitutional. It is true that there are different standards for candidates from major political parties than there are for candidates from minor parties and independent candidates. However, the Supreme Court and the Seventh Circuit have repeatedly held that at least a 2% signature requirement is constitutional. *See Jenness v. Fortson*, 403 U.S. 431, 442 (1971) (upholding a 5% signature requirement); *Hall v. Simcox*, 766 F.2d 1171, 1174–75 (7th Cir. 1985) (upholding Indiana's 2% requirement and noting that any requirement

lower than 5% is lawful given the Supreme Court's decision in *Jenness*). The Court here cannot deviate from this precedent, and accordingly there is no relief the Court can grant to Plaintiff. Indeed, earlier this year, the Court in *Indiana Green Party* upheld Indiana's signature requirements against a constitutional challenge from the Indiana Green Party, the Libertarian Party of Indiana, officers of the minority parties, and a few independent political candidates. 2023 WL 5207924, at *4 (S.D. Ind. Aug. 14, 2023). Here, as there, the Court "does not see anything . . . to distinguish this case from precedent, which is 'beyond [its] power to reexamine.'" *Id.* (quoting *Hall*, 766 F.2d at 1173.) Indiana's signature requirement is constitutional, and Plaintiff's claims against it must fail.

## IV. Conclusion

There is significant precedent holding that the signature requirement in Indiana's ballot access laws does not run afoul of the Constitution. Given this, the Court is bound to **grant** Defendants' Motion for Judgment on the Pleadings, (ECF No. 97), and this case is **dismissed**. Final judgment will be entered separately.

**SO ORDERED.**

Date: 10/13/2023

JAMES R. SWEENEY II, JUDGE
United States District Court
Southern District of Indiana


Distribution to all counsel of record via CM/ECF.